Parker, C. J.,
delivered the opinion of the Court.
We feel ourselves limited by the statute giving remedies in equity, to the cases provided for therein. This Court has no jurisdiction in equity, except what is expressly given by statute. We cannot entertain a bill of discovery, except in case of trust created by deed or will; and that jurisdiction is created only by the last statute respecting the equity powers of this Court (7).
The bill before us, if sustained at all, must depend upon the statute of 1798, c. 77, entitled, “ An act in addition to an act entitled an act for giving remedies in equity.” A bill to redeem under *99 that statute, must set forth a payment, or tender of payment of the sum due; and the averment must be supported by evidence of that fact. It is true the mortgagor, or his assignee, may be subjected to inconvenience, by reason of his not knowing the amount of rents and profits, or the expense of repairs. But the statute gives him no remedy. He must make the best calculation he can, and tender at his peril. If he should tender more than is due, and the mortgagee should receive it, possibly an action would lie to recover back the excess, as paid by compulsion; provided he calls on the mortgagee for an account, and he refuses to give one.
* This case, it is hoped, will excite the attention of [ * 122 ] the legislature, who alone can remove inconveniences in existing laws. For justice seems to require that the mortgagee, or his assignee, should be holden to give an account of what is due, to enable the mortgagor to redeem, without the risk of losing what he shall tender beyond his debt.
We cannot consider the objection waived by submitting to the inquiry by the auditor. For the plaintiff insisted that nothing was due; and if he had been right, he would have been entitled to recover without a tender. It was therefore necessary to ascertain the state of the account; but the exception to the want of tender was taken sufficiently early to entitle the respondent to avail himself of it (8).

Bill dismissed without costs.

 Stat. 1817, c. 87.

 [A bill may now be sustained, if there be an insufficient or no tender. Revised Statutes, e 107, § 19, 20.—Ed.]